John M. Daley, Esq. (SBN 065574)
**LAW OFFICES OF JOHN M. DALEY**
95 South Market Street, Suite 300
San Jose, CA 95113
Telephone: (408) 286-0200
Facsimile: (408) 2995-3202
E-Mail: jdaley@johnmdaley.com

Attorneys for Plaintiff Kairali Decan, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIRALI DECAN, INC., a California corporation,<br><br>Petitioner/Plaintiff,<br><br>vs.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION, an agency of the United States of America, DAVID J. FERGUSON, Port Director, U.S. Customs, Port of San Francisco, and WASHINGTON INTERNATIONAL INSURANCE COMPANY, an Arizona corporation,<br><br>Respondents/Defendants. | Case No.<br><br>**PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Kairali Decan, Inc. (hereinafter "Kairali Decan" or "plaintiff"), alleges as follows:

## I. INTRODUCTION.

1. By this Petition and Complaint, plaintiff Kairali Decan seeks an order prohibiting defendant United States Customs and Border Protection ("U.S. Customs") from imposing, demanding or collecting $24,606 in penalties from plaintiff which arise solely from the theft of its identity by "Abdul Salman-Fariz," who fraudulently used plaintiff's name and importer identification number to import and enter goods into the United States under Customs Entry No. C28-02640441-0. The penalties, which represent three times the value of the goods imported, were assessed because of Mr. Salman-Fariz's failure to return the goods to U.S. Customs' custody

after the goods had been refused entry into the United States.

2. Plaintiff filed a Petition and Supplemental Petition for Relief with U.S. Customs in which he provided proof that Mr. Salman-Fariz, ***not*** the plaintiff:

(a) purchased and imported the goods on his own behalf;

(b) paid the ocean freight for the goods;

(c) purchased the bond posted for the entry from defendant Washington International Insurance Company; and

(d) had the goods delivered to a warehouse he leased in Hayward, California.

Plaintiff also provided U.S. Customs with a purchase journal and other evidence which shows that it did ***not*** purchase the goods which were imported under Customs Entry No. C28-026405441-0.

3. Despite the foregoing, U.S. Customs has arbitrarily and capriciously refused to provide any relief to plaintiff, and has instead continued to insist that plaintiff must pay the penalty it assessed. Since plaintiff has exhausted all administrative remedies, and since plaintiff is not entitled to seek relief from U.S. Customs' conduct in the Court of International Trade, plaintiff's only recourse is to obtain a writ of mandate and injunctive relief against U.S. Customs from this Court.

4. The bond Mr. Salman-Fariz posted to secure the obligations he owed to U.S. Customs Entry No. No. C28-26405441-0 was purchased from defendant Washington International Insurance Company ("Washington International") and issued in plaintiff's name. Since plaintiff is listed as the principal on the bond, Washington International is looking to plaintiff for reimbursement in the event that it is required to pay U.S. Customs the penalty it has demanded. Although plaintiff has demanded that Washington International refrain from paying the penalties demanded by U.S. Customs *unless* it agrees not to seek recovery of the amount paid from plaintiff or to take any other adverse action against it, Washington International has thus far refused to agree to this demand.

## I. PARTIES

5. Plaintiff Kairali Decan, Inc. is a California corporation with its principal place of business located in Fremont, California.

6. Defendant United States Customs and Border Protection ("U.S. Customs") is an agency of the United States Government.

7. Plaintiff is informed and believes and on that basis alleges that defendant David J. Ferguson is the Port Director of U.S. Customs, Port of San Francisco.

8. Plaintiff is informed and believes and on that basis alleges that defendant Washington International is an Arizona corporation with its principal place of business located in Itasca, Illinois.

## II. JURISDICTION

9. Jurisdiction of the claims asserted against defendant U.S. Customs is proper under 28 USC § 1331 because this Petition and Complaint asserts a claim against an agency of the United States and under 28 USC § 1336 because the claim arises under federal law, including 19 USC § 1484. Jurisdiction of the claims asserted against defendant David J. Ferguson is proper under 28 USC § 1361 because this action is brought to compel an officer of the United States to perform his duty and under 28 USC § 1336 because the claim arises under federal law.

10. Jurisdiction of the claims asserted against defendant Washington International is proper under 28 USC § 1367 because these claims are so related to the claims which are within the original jurisdiction of this Court that they form part of the same cause or controversy under Article III of the United States Constitution.

## III. VENUE

11. Venue of the claims asserted herein is proper in the United States District Court for the Northern District of California under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## IV. FACTS COMMON TO ALL CLAIMS

12. This action arises out of the fraudulent filing of Customs Entry No. C28-02640441-0 by Mr. "Abdul Salman-Fariz" under the name and Importer ID No. of plaintiff Kairali Decan.

13. Plaintiff is a wholesale supplier of foreign food products, most of which it imports from India. However, plaintiff also purchases some of the foreign food products it sells domestically, from other importers. Prior the filing of Customs Entry No. C28-0260441-0, plaintiff

had purchased goods domestically from two businesses owned and operated by Mr. Salman-Fariz: "SF Foods" and "Impex International," both of which import food from Sri Lanka.

14. During the course of this relationship, Mr. Salman-Fariz informed plaintiff that he was an experienced importer, and suggested that he could assist plaintiff in preparing and filing "self-made" entries on plaintiff's behalf with U.S. Customs. Mr. Salman-Fariz indicated to plaintiff that, by so doing, plaintiff could obtain the release of his goods more quickly.

15. Accordingly, plaintiff employed the services of Mr. Salman-Fariz to assist it in preparing and filing entry documents with U.S. Customs for goods which plaintiff had purchased from suppliers in India on approximately five occasions in 2006 or 2007. At ***no*** time did plaintiff authorize Mr. Salman-Fariz to make Customs entries in its name for goods which plaintiff had not purchased. Moreover, in the latter part of 2007, plaintiff informed Mr. Salman-Fariz that his assistance was no longer needed.

16. In or about February 2007, plaintiff received Notice of FDA Action which concerned Customs Entry No. C28-02640041-0. The Notice listed products which plaintiff recognized as being from Sri Lanka. Since Mr. Salman-Fariz was the only distributor of Sri Lanka food in the Bay area, plaintiff contacted Mr. Salman-Fariz, who admitted that he had made the entry under the name of plaintiff. Mr. Salman-Fariz told me that he had a well-established relationship with U.S. Customs and promised to take care of the problem without any further involvement by me.

17. In July 2007, plaintiff realized that Mr. Salman-Fariz had *not* taken care of the problem as he had promised. Accordingly, I obtained a letter from Mr. Salman-Fariz in which he admitted that he was the actual purchaser and importer of the goods entered under Customs Entry No. C28-02640441-0 and advised that he would "settle the final outcome on the above shipment." Plaintiff then prepared and filed a Petition for Relief with US. Customs to which he attached the letter, and in which he asked for relief from the liquidated damages assessed on the grounds that plaintiff was not the importer of the goods in issue.

18. On September 20, 2007, U.S. Customs denied plaintiff's Petition for Relief on the grounds that "the goods were not redelivered, exported or destroyed." U.S. Customs gave no indication in its letter that it had even *considered* plaintiff's claim that U.S. Customs was not entitled

to seek recovery of the penalty assessed from plaintiff because the entry had been made by Mr. Salman-Fariz, and the U.S. Customs did provide suggests that it considered this fact to be irrelevant.

19. On or about October 25, 2007, plaintiff delivered a Freedom of Information Request to U.S. Customs in which it asked U.S. Customs to provide a copy of the Entry file for Customs Entry No. C28-02640441-0, along with any other documents which show, evidence or relate to the authority of the individual who signed the entry documents to make the entry on behalf of plaintiff. U.S. Customs never responded to this request.

20. On November 20, 2007, having heard nothing further from U.S. Customs, and since U.S. Customs had already made a formal demand for payment of the liquidated damages upon Washington International, plaintiff submitted an Offer in Compromise in which it offered to pay $8,202 to U.S. Customs as payment in full of the liquidated damages assessed for Customs Entry No. C28-02640441-0.

21. On January 15, 2008, U.S. Customs rejected plaintiff's Offer in Compromise, saying only that "We have determined that it is in the best interests of the Government to reject your offer."

22. On January 17, 2008, since it still had not been provided with a copy of the Entry file or any of the other documents it had requested, plaintiff submitted a ***second*** Freedom of Information Request to U.S. Customs.

23. U.S. Customs finally sent plaintiff a copy of the Entry File for Entry No. C28-02640441-0 on January 31, 2008. The copy of the Entry File provided included:

(a) an Entry Summary made in the name and at the address of plaintiff which was signed by an individual who signs his name as "Khan," in his capacity as "CEO" of Kairali Decan, Inc.;

(b) a Customs bond which includes an undecipherable signature of an individual who did *not* indicate that he was an office of plaintiff or otherwise the capacity in which the person who signed the document was acting;

(c) a Bill of Lading for Booking No. CMB6C090015 issued by Hanjin Shipping which indicates that the importer was "Kerali Decan Inc., No. 2002, Pacific Ave, Suite :B, Stockton, CA United States;" and

(d) a commercial invoice which does ***not*** identify the purchaser of the goods.

However, U.S. Customs did *not* provide any documents concerning the authority of Mr. Salman-Fariz to make Customs Entry No. C28-02640441-0 on behalf of plaintiff.

24. Upon reviewing the Entry file, plaintiff was surprised that U.S. Custom accepted the entry in the first place, since the documents provided did not comply with Customs' requirements in several respects. Most significantly, the commercial invoice provided did not comply with 19 CFR 141.86(a)(2), which requires that the commercial invoice provided with an entry include "the time when, the place where, and the person by whom and the person to whom the merchandise is sold or agreed to be sold . . .." This regulation is intended to ensure that the party making the Customs entry actually has the right to do so.

25. Nevertheless, since U.S. Customs had made it clear in rejecting plaintiff's original Petition for Relief that even an admission by Mr. Salman-Fariz was not sufficient to grant the relief requested, plaintiff used the documents produced to conduct a further investigation of the matter by contacting the ocean carrier who had imported the goods (which it could not have done previously because it did not have the name of the ocean carrier involved or booking number and other information provided in the bill of lading) and Washington International (which was previously unable to locate the file for the bond used for this entry, apparently because it had not been properly reported by the agent who issued the bond).

26. Thereafter, plaintiff obtained documents from Hanjin Shipping, Washington International and others which establish that:

(a) The arrangements for the ocean carriage of the goods were imported under Customs Entry No. C28-02640441-0 were made by Mr. Salman-Fariz, ***who paid for the freight and signed the bill of lading upon delivery of the goods***;

(b) The goods were delivered to from the port to a warehouse leased by Mr. Abdul Salman Fariz which was located at 30998 Huntwood Avenue, Fremont, California; and

(c) the bond for Customs Entry No. C28-02640441-0 was purchased with

a money order signed by Mr. Salman-Fariz.

27. Accordingly, on February 15, 2008, plaintiff filed a Supplemental Petition in which it established beyond any reasonable doubt that Customs Entry No. C28-02640441-0 had been made by Mr. Salman-Fariz, *not* by plaintiff.

28. Notwithstanding this evidence, on June 9, 2008, U.S. Customs sent a letter to plaintiff advising it that its Supplemental Petition had been denied. U.S. Customs provided ***no reason whatsoever*** for its decision.

**FIRST CLAIM**

[Writ of Mandate--Against Defendant U.S. Customs]

29. Plaintiff refers to and incorporates herein by this reference paragraphs 1 through 28 above.

30. A decision to mitigate liquidated damages is committed to the discretion of U.S. Customs. However, the exercise of discretion by U.S. Customs is subject to judicial review pursuant to 5 USC 702(a)(2), which requires this Court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

31. The law regarding the filing of entries with U.S. Customs is set forth at 19 USC § 1484(a)(1), which provides that the ***only*** persons who may a Customs entry are persons who qualify as the "importer of record" of the goods, either in person or "by an agent authorized in writing."

32. 19 USC § 1484(b) provides that, in order to qualify as the "importer of record," the person must be either (1) the ***owner or purchaser*** of the merchandise, (2) the ***consignee*** of the merchandise, or (3) "a person holding a valid license under section 1641 of this title" (which refers to licensed Customs brokers).

33. In order to ensure that the persons who file entries with U.S. Customs qualify as the "importer of record" under 19 USC 1484(b), U.S. Customs has promulgated 19 CFR 141.11, which requires persons who make entries to file evidence of their right to make entry in one of the following forms: (a) a bill of lading or air waybill, presented by the holder thereof, properly endorsed when endorsement is required under the law, (b) an extract from a bill of lading or air waybill certified to

be genuine by the carrier, (c) a certified duplicate bill of lading or air waybill, or (d) a carrier's certificate.

34. U.S. Customs has also promulgated 19 CFR 141.81, which requires that all entry summaries include a commercial invoice, and 19 CFR 141.86(a)(2), which requires that the commercial invoice filed include, among other things, the "time when, the place where, and . . . the person to whom the merchandise is sold or agreed to be sold."

35. In this case, U.S. Customs' decision to refuse to mitigate the liquidated damages which have been assessed against plaintiff is arbitrary, capricious, an abuse of discretion, and contrary to law, since the evidence plaintiff has provided in support of its Supplemental Petition establishes that:

(a) the documents filed in connection with Customs Entry No. C28-02640441-0 did not include information required by Customs' regulations to ensure that the person making the entry is in fact "qualified" to act as the "importer of record;"

(***b)*** ***plaintiff did not make and was not in fact qualified to make the entry as "importer of record" because it was not the owner, purchaser or consignee of the goods;*** and

(c) plaintiff did not authorize Mr. Salman-Fariz or any other person to make Customs Entry on its behalf.

36. Since the evidence plaintiff provided to U.S. Customs established that plaintiff was ***not*** the purchaser, owner or consignee of the goods, and that it did not and could not lawfully have made Customs Entry No. C28-02640441-0, U.S. Customs' refusal to mitigate and set aside its demand for liquidated damages from plaintiff is arbitrary, capricious, an abuse of discretion, and contrary to law, and the Court should therefore issue a peremptory writ of mandate commanding that respondents U.S. Customs and David J. Ferguson, and any other person acting for or in concert with them, upon service of the writ, cease and desist from asserting, claiming or demanding from or taking any other action against plaintiff Kairali Decan arising out of or in connection with Customs Entry No. C28-02640441-0.

//

**SECOND CLAIM**
[Declaratory Relief--Against Defendant U.S. Customs]

37. Plaintiff refers to and incorporates herein by this reference paragraphs 1 through 36 above.

38. An actual controversy has arisen and now exists between plaintiff and defendant U.S. Customs concerning their respective rights and duties with respect to Customs Entry No. C28-02640441-0, in that plaintiff contends that U.S. Customs is not entitled to recover liquidated damages from plaintiff based upon the failure of the importer to redeliver goods which were entered into the United States under this entry because (a) the entry was made by Mr. Abdul Salman-Fariz, *not* by plaintiff, (b) the documents which were filed by the person who did make Customs Entry No. C28-02640441-0 were insufficient because they did not show that plaintiff was either the purchaser or consignee of the goods entered, (c) plaintiff did *not* in fact purchase, own or have any other interest in the goods entered, and (d) the goods entered were never delivered to or came into plaintiff's possession, whereas U.S. Customs contends that it has the right to recover the liquidated damages assessed from plaintiff because plaintiff's name and identification number was used to make the entry.

39. Plaintiff desires a judicial determination of its rights and duties, and a declaration as to U.S. Customs' right to recover liquidated damages from it under the circumstances. A judicial declaration is necessary and appropriate at this time so that plaintiff may ascertain its rights and duties. Absent such a declaration, plaintiff will be compelled either to (a) pay $24,606 in liquidated damages for which it has no responsibility or (b) defend itself against a lawsuit for the reimbursement of amounts paid to U.S. Customs by defendant Washington International.

40. Plaintiff has exhausted all administrative remedies available to it in connection with U.S. Customs' demand for liquidated damages by filing a petition for relief, making an offer in compromise, and filing a supplemental petition for relief, all of which have been denied or refused.

**THIRD CLAIM**
[Injunctive Relief--Against Defendants U.S. Customs and David J. Ferguson]

41. Plaintiff refers to and incorporates herein by this reference paragraphs 1 through 40 above.

42. On or about January 17, 2007, defendants permitted the making of Customs Entry No. C28-02640441-0 in plaintiff's name and under its identification number, even though the documents filed with the entry did not satisfy U.S. Customs' requirements. Thereafter, plaintiff assessed liquidated damages in the amount of $24,606 against plaintiff because of the actual importer's failure and refusal to redeliver the goods, and it has since repeatedly refused, wrongfully, unlawfully, arbitrarily and capriciously, to mitigate or eliminate those damages or to pursue the actual importer of the goods for those liquidated damages, even though plaintiff has provided defendants with evidence which (a) shows that it was not the importer of the goods entered under Customs Entry No. C28-02640441-0 and (b) provides defendants with the evidence they need to pursue Mr. Abdul Salman-Fariz, the person who actually *did* import the goods, for the penalty it seeks to recover.

43. As a result of defendants' conduct, plaintiff has sustained and will sustain in the future injuries of an irreparable nature, since its ability to import goods and obtain the bonds which are required to enable it to import goods may be adversely affected, and perhaps terminated, unless it pays the liquidated damages for which it is not responsible.

44. Although plaintiff has demanded that defendants refrain from demanding the liquidated damages assessed and from taking any other action against it arising from Customs Entry No. C28-02640441-0, defendants have refused to do so, and have instead taken action which will irreparably injure plaintiff by demanding that defendant Washington International pay the liquidated damages under the bond which was posted for the entry.

45. As a result of defendants' acts, plaintiff has also incurred over monetary damages in excess of $13,000.00 in the form of attorneys' fees, and it will incur further attorneys' fees in the future.

**FOURTH CLAIM**

[Injunctive Relief--Against Defendant Washington International Insurance Company]

46. Plaintiff refers to and incorporates herein by this reference paragraphs 1 through 45 above.

47. Since defendant Washington International posted a bond which secures the obligation of the importer of record under Customs Entry No. C28-02640441-0, U.S. Customs has made a demand for payment of the $24,606 in liquidated damages it assessed on the entry from defendant Washington International.

48. In October 2007, plaintiff informed defendant Washington International that, even though its name was used by the actual importer, it is not liable for the liquidated damages assessed, since (a) plaintiff did not file or authorize the filing of the entry on its behalf, (b) plaintiff did *not* purchase, own or have any other interest in the goods entered, (c) the goods entered were delivered to it or came into plaintiff's possession, custody or control, and (d) plaintiff did not purchase or authorize the purchase of the bond posted with U.S. Customs to secure the obligations owed by the importer for Customs Entry No. C28-02640441-0.

49. In January 2008, plaintiff provided defendant Washington International with evidence which establishes that (a) plaintiff did not purchase or authorize the posting of Washington International's bond for Customs Entry No. C28-02640441-0, (b) plaintiff was not the purchaser or owner of the goods, (c) plaintiff did not make or authorize the making of the entry, and (d) plaintiff did not purchase or authorize the purchase of the bond posted with U.S. Customs to secure the obligations owed by the importer for Customs Entry No. C28-02640441-0.

50. On or about June 15, 2009, plaintiff demanded that Washington International refrain from paying the amount demanded ***unless*** it agrees not to seek recovery of the amount paid from plaintiff or to take any other adverse action against it. Thus far, Washington International has refused to agree to this demand.

52. As a result of defendants' conduct, plaintiff has sustained and will sustain in the future injuries of an irreparable nature, since its ability to import goods and obtain the bonds which are required to enable it to import goods may be adversely affected, if Washington either seeks recovery of the liquidated damages it pays or takes any other action against plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays as follows:

A. For a peremptory writ of mandate commanding that respondents U.S. Customs and

David J. Ferguson, and any other person acting for or in concert with them, upon service of the writ, cease and desist from asserting, claiming or demanding from or taking any other action against plaintiff Kairali Decan arising out of or in connection with Customs Entry No. C28-02640441-0;

B. For a Declaratory Judgment finding that plaintiff Kairali Decan was not importer of record of the goods under Customs Entry No. C28-02640441-0 and that U.S. Customs has no right to assert, claim, or demand payment of liquidated damages from or take any other action against plaintiff Kairali Decan arising out of or in connection with this Customs Entry;

C. For an order enjoining defendants U.S. Customs and David J. Ferguson, or any other person acting for or in concert with them, upon service of the order, cease and desist from asserting, claiming or demanding from or taking any other action against plaintiff Kairali Decan arising out of or in connection with Customs Entry No. C28-02640441-0;

D. For an order enjoining defendant Washington International Insurance Company from asserting, claiming or demanding from or taking any other action against plaintiff Kairali Decan arising out of or in connection with Customs Entry No. C28-02640441-0;

E. For an award against defendant U.S. Customs of plaintiff's attorneys' fees, costs and disbursements incurred in this action and in the prior administrative proceedings to the extent permitted by law, including 28 USC § 2412; and

F. For such other and further relief as the Court may deem just and proper.

Dated: June 23, 2008.

**LAW OFFICES OF JOHN M. DALEY**

By________________________________

JOHN M. DALEY
Attorneys for Plaintiff Kairali Decan, Inc.