1 | John M. Daley, Esq. (SBN 065574)
**LAW OFFICES OF JOHN M. DALEY**
2 | 95 South Market Street, Suite 300
San Jose, CA  95113
3 | Telephone: (408) 286-0200
Facsimile:  (408) 995-3202
4 | E-Mail:  jdaley@johnmdaley.com

5 | Attorneys for Plaintiff Kairali Decan, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

_____
                                                                )
KAIRALI DECAN, INC., a California     )   Case No. CV08-3065 MMC
corporation,                                            )
                                                                )   **MEMORANDUM OF POINTS AND**
                    Petitioner/Plaintiff,          )   **AUTHORITIES IN SUPPORT OF**
                                                                )   **PLAINTIFF'S APPLICATION FOR FOR**
vs.                                                          )   **TEMPORARY RESTRAINING ORDER,**
                                                                )   **ORDER TO SHOW CAUSE RE:**
UNITED STATES CUSTOMS AND       )   **PRELIMINARY INJUNCTIVE RELIEF,**
BORDER PROTECTION, an agency of the  )  **AND PRELIMINARY INJUNCTIVE**
United States of America, DAVID J.      )   **RELIEF**
FERGUSON, Port Director, U.S. Customs, )
Port of San Francisco, and WASHINGTON )  Hearing Date: To be determined
INTERNATIONAL INSURANCE            )   Hearing Time: To be determined
COMPANY, an Arizona corporation,    )   Courtroom:    7, 19th Floor
                                                                )   Judge:          The Hon. Maxine M. Chesney
                    Respondents/Defendants.      )
_____)

---

**Case No.  CV08-3065:  MPA IN SUPP. OF PLNTF'S MTN FOR TRO AND OSC RE: PRELIM. INJ.**                                                       **-1-**

**TABLE OF CONTENTS**

I.   INTRODUCTION . . . 1

II.  STATEMENT OF FACTS . . . 1

III. PLAINTIFF IS ENTITLED TO THE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF SOUGHT . . . 5

   A. Plaintiff Has Shown There is a Strong Likelihood That It Will Prevail on the Merits of its Claims . . . 6

      1. As a Matter of Law, U.S. Customs Is Entitled to Recover Liquidated Damages Only From the Importer of Record Under a Bond Which Has Been Executed by an Authorized Officer of the Corporation . . . 7

      2. Since the Evidence Plaintiff Presented to U.S. Customs Showed that it Was Not the Importer of Record and Did Not Authorize Issuance of the Bond, U.S. Customs Was Required to Cancel its Demand for Liquidated Damages from Plaintiff . . . 10

   B. Plaintiff Will Suffer Irreparable Injury if the Temporary Restraining Order and Preliminary Injunctive Relief Requested Are Not Granted, and the Balance of Hardships Tips Strongly in Favor of Plaintiff . . . 11

V.  CONCLUSION . . . 12

# TABLE OF AUTHORITIES

**Federal Cases**

*American Sugar Refining Co. v. United States*,
    3 Ct. Cust. 69, 71-72 (Ct.Cl. 1912) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Beltran v. Meyers*,
    677 F.2d 1317, 1320 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*California Cedar Products Co. v. Pine Mountain Corp.*,
    724 F.2d 827, 830 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Commodities Export Co. v. U.S. Customs Service*,
    888 F.2d 431 (2d Cir. 1989) ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lovallo v. Froehlke*,
    468 F.2d 3440 (2d Cir. 1972), *cert. den.* 411 U.S. 918 (1973) . . . . . . . . . . . . . . . . . . . . 7

*United States v. Wells Fargo & Co.*,
    271 F. 180, 181-183 (2d Cir. 1921) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Federal Statutes and Regulations**

5 USC § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5 USC § 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

19 USC § 1484(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

19 USC § 1484(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

19 USC § 1623 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

19 CFR 101.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

19 CFR 113.62 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

19 CFR 113.62(l) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

19 CFR § 113.33(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

19 CFR § 113.33(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

19 CFR 141.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

19 CFR 141.81 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**California Statutes**

Civil Code § 2847 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**I.     INTRODUCTION.**

By this Motion, plaintiff Kairali Decan, Inc. (hereinafter "Kairali Decan" or "plaintiff"), seeks a temporary restraining order and preliminary injunctive relief which prohibits defendants U.S. Customs and David J. Ferguson, or any other person acting for or in concert with them, from asserting claiming or demanding from or taking any other action against either plaintiff Kairali Decan or Washington International Insurance Company arising out of or in connection with Customs Entry No. C28-02640441-0 during the pendency of this action.

In its Petition and Complaint, plaintiff seeks a peremptory writ of mandate and injunction which prohibits U.S. Customs from collecting penalties from plaintiff arising out of Customs Entry No. C28-02640441-0. Plaintiff previously filed two Petitions with U.S. Customs in which it sought relief from the penalties on the grounds that the entry was actually made by Mr. Abdul Salman-Fariz, and importer who is already known to U.S. Customs, and who stole plaintiff's identity for the purpose of making Customs Entry No. C28-02640441-0.

As will be shown below, plaintiff is highly likely to succeed on the merits of its claims against U.S. Customs and its agents, since the evidence plaintiff submitted to U.S. Customs shows that plaintiff was *not* the purchaser, owner or consignee of the goods entered and did *not* purchase or authorize the purchase or posting of the Customs bond upon which the penalties are based. The evidence plaintiff submitted *also* shows that <u>Mr. Abdul Salman-Fariz</u> paid the ocean freight for the goods, purchased the bond posted for the entry with U.S. Customs, and had the goods delivered to his warehouse facility in Hayward, California. Thus, U.S. Customs' decision to refuse the relief requested by plaintiff is arbitrary and capricious, constitutes an abuse of discretion, and is contrary to law.

There is also a strong likelihood of irreparable injury to plaintiff if the relief sought is not granted, since U.S. Customs could easily deprive plaintiff of its opportunity to have its claim heard either by filing a lawsuit in the Court of International Trade or threatening defendant Washington International with sanctions if it does not pay the penalty it has demanded from plaintiff.

Accordingly, the Court should issue the Temporary Restraining Order and

Preliminary Injunctive Relief requested.

**II.    STATEMENT OF FACTS.**

This action arises out of the theft of plaintiff's identity by Mr. Abdul Salman-Fariz for the purpose of making Customs Entry No. C28-02640441-0 under the name and importer identification number of plaintiff Kairali Decan.

Plaintiff is a wholesale supplier of foreign food products, most of which it imports from India. However, plaintiff also purchases some of the foreign food products it sells domestically, from other importers. Prior the filing of Customs Entry No. C28-0260441-0, plaintiff had purchased goods domestically from two businesses owned and operated by Mr. Salman-Fariz: "SF Foods" and "Impex International," both of which import food from Sri Lanka. Declaration of Joseph Thomas filed herewith ("Thomas dec."), ¶ 3.

During the course of this relationship, Mr. Salman-Fariz informed plaintiff that, since he was an experienced importer, he could assist plaintiff in preparing and filing "self-made" entries on plaintiff's behalf with U.S. Customs. Mr. Salman-Fariz indicated to plaintiff that, by so doing, plaintiff could obtain the release of his goods more quickly. Thomas dec., ¶ 4.

Accordingly, plaintiff employed the services of Mr. Salman-Fariz to assist it in preparing and filing entry documents with U.S. Customs for goods which plaintiff had purchased from suppliers in India on approximately five occasions in 2006 or 2007. At *no* time did plaintiff authorize Mr. Salman-Fariz to make Customs entries in its name for goods which plaintiff had not purchased. Moreover, in the latter part of 2007, plaintiff informed Mr. Salman-Fariz that his assistance was no longer needed. Thomas dec., ¶ 5.

In or about February 2007, plaintiff received Notice of FDA Action which concerned Customs Entry No. C28-02640041-0. Thomas dec., ¶ 6. The Notice listed products which plaintiff recognized as being from Sri Lanka. *Id*. and Ex. A thereto. Since Mr. Salman-Fariz was the only distributor of Sri Lanka food in the Bay area, plaintiff contacted Mr. Salman-Fariz, who admitted that he had made the entry under the name of plaintiff. Mr. Salman-Fariz told plaintiff that he had a well-established relationship with U.S. Customs and promised to take care of the problem without any further involvement by plaintiff. *Id*.

1    In July 2007, plaintiff realized that Mr. Salman-Fariz had *not* taken care of the
2 problem as he had promised. Accordingly, plaintiff obtained a letter from Mr. Salman-Fariz in
3 which he admitted that he was the actual purchaser and importer of the goods entered under Customs
4 Entry No. C28-02640441-0 and advised that he would "settle the final outcome on the above
5 shipment." Plaintiff then prepared and filed a Petition for Relief with US. Customs to which it
6 attached the letter, and in which it asked for relief from the liquidated damages assessed on the
7 grounds that plaintiff was not the importer of the goods in issue. Thomas dec., ¶ 7 and Ex. B thereto.
8    On September 20, 2007, U.S. Customs denied plaintiff's Petition for Relief on the
9 grounds that "the goods were not redelivered, exported or destroyed." <u>U.S. Customs gave no
10 indication in its letter that it had even *considered* plaintiff's claim that U.S. Customs was not entitled
11 to seek recovery of the penalty assessed from plaintiff because the entry had been made by
12 Mr. Salman-Fariz, and the explanation U.S. Customs provided suggests that it did not even consider
13 this fact in denying the petition</u>. Thomas dec., ¶ 8 and Ex. C thereto.
14    Thereafter, plaintiff hired counsel to assist it in obtaining relief. Shortly after being
15 retained, plaintiff's counsel asked U.S. Customs to provide him with a copy of the Entry file so that
16 he could determine how the entry had been made without the actual authority of plaintiff Kairali
17 Decan. Counsel needed this Entry file to ascertain exactly how Mr. Salman-Fariz had deceived U.S.
18 Customs into believing that he was authorized to make the Customs entry on behalf of plaintiff.
19 U.S. Customs refused to provide plaintiff with a copy of the Entry file except in response to a
20 Freedom of Information request. Declaration of John M. Daley filed herewith ("Daley dec."), ¶ 3.
21    Accordingly, on or about October 25, 2007, plaintiff delivered a Freedom of
22 Information Request to U.S. Customs in which it asked U.S. Customs to provide a copy of the Entry
23 file for Customs Entry No. C28-02640441-0, along with any other documents which show, evidence
24 or relate to the authority of the individual who signed the entry documents to make the entry on
25 behalf of plaintiff. Daley dec., ¶ 4 and Ex. D thereto. Plaintiff needed the Entry File to U.S.
26 Customs never responded to this request.
27    On November 20, 2007, having heard nothing further from U.S. Customs, and since
28 U.S. Customs had already made a formal demand for payment of the liquidated damages upon

1  Washington International, plaintiff submitted an Offer in Compromise in which it offered to pay
2  $8,202 to U.S. Customs as payment in full of the liquidated damages assessed for Customs Entry
3  No. C28-02640441-0.  Daley dec., ¶ 5 and Ex. E thereto.
4        On January 15, 2008, U.S. Customs rejected plaintiff's Offer in Compromise, saying
5  only that "We have determined that it is in the best interests of the Government to reject your offer."
6  Daley dec., ¶ 6 and Ex. F thereto.
7        On January 17, 2008, since it still had not been provided with a copy of the Entry file
8  or any of the other documents it had requested, plaintiff submitted a *second* Freedom of Information
9  Request to U.S. Customs.  Daley dec., ¶ 7 and Ex. G thereto.
10       U.S. Customs finally sent plaintiff a copy of the Entry File for Entry No. C28-
11 02640441-0 on January 31, 2008.  Daley dec., ¶ 8 and Ex. H thereto. The copy of the Entry File
12 produced included:
13       (a)    An Entry Summary which lists the *correct* name and
14       address of plaintiff, but which was made in the name and at the
15       address of plaintiff which was signed by an individual who signs his
16       name as "Khan," in his capacity as "CEO" of Kairali Decan, Inc.
17       (Daley dec., ¶ 8 and Ex. I thereto);
18       (b)    An Customs bond which includes an undecipherable
19       signature of an individual who did *not* indicate that he was an office
20       of plaintiff or otherwise the capacity in which the person who signed
21       the document was acting (Daley dec., ¶ 8 and Ex. J thereto);
22       (c)    A Bill of Lading for Booking No. CMB6C090015
23       issued by Hanjin Shipping which identifies the consignee as "Kerali
24       Decan Inc.," which is *not* the correct name of plaintiff, and provides
25       the consignee's address as "No. 2002, Pacific Ave, Suite :B,
26       Stockton, CA United States," which is *not* the address of plaintiff
27       which is shown on the Entry Summary (Daley dec., ¶ 8 and Ex. K
28       thereto); and

1           (d)    A commercial invoice which does *not* identify the
2        purchaser of the goods  (Daley dec., ¶ 8 and Ex. J thereto).
3 However, U.S. Customs did *not* provide any documents concerning the authority of Mr. Salman-
4 Fariz to make Customs Entry No.  C28-02640441-0 on behalf of plaintiff.  *Id*. and Ex. H thereto.
5        Counsel was surprised to find these documents in the Entry file, *since even a cursory*
6 *review of these documents by U.S. Customs in the course of its review of plaintiff's Petition for*
7 *Relief should have made it clear to U.S. Customs that they entry was almost certainly fraudulent*,
8 since these documents did comply with regulations concerning the content of documents filed to
9 make entry of goods into the United States, as is discussed below. Daley dec., ¶ 9.  Moreover, if
10 U.S. Customs had truly been interested in resolving plaintiff's Petition for Relief in accordance with
11 the law, U.S. Customs could have and should have contacted (a) Hanjin Shipping to ascertain the
12 identity of the person who actually made the entry and (b) Washington International to find out who
13 had purchased the bond. *Id*.
14        Since U.S. Customs had clearly not looked into the matter as it should have, plaintiff
15 followed up on the information in the Entry file by contacting the ocean carrier who had imported
16 the goods (which it could not have done previously because it did not have the name of the ocean
17 carrier involved or booking number and other information provided in the bill of lading) and
18 Washington International (which had not previously able to locate the file for the bond used for this
19 entry, apparently because it had not been properly reported by the agent who issued the bond).
20        Thereafter, plaintiff obtained documents from Hanjin Shipping, Washington
21 International and others which establish that:
22           (a)    The arrangements for the ocean carriage of the goods
23        were imported under Customs Entry No. C28-02640441-0 were made
24        by Mr. Salman-Fariz, *who paid for the freight and signed the bill of*
25        *lading upon delivery of the goods* (Daley dec., ¶ 10 and Ex. M
26        thereto);
27           (b)    The goods were delivered to from the port to a
28        warehouse *leased by Mr. Abdul Salman Fariz* which was located at

30998 Huntwood Avenue, Fremont, California (*Id.* and Ex. N thereto);

and

(c) the bond for Customs Entry No. C28-02640441-0 was purchased with a money order **signed by Mr. Salman-Fariz** (*Id.* and Ex. O thereto).

Accordingly, on February 15, 2008, plaintiff filed a Supplemental Petition in which it provided all of the foregoing information, thereby establishing that Customs Entry No. C28-02640441-0 had been made by Mr. Salman-Fariz, *not* by plaintiff. Daley dec., ¶ 11 and Ex. P thereto.

Despite this evidence, on June 9, 2008, U.S. Customs sent a letter to plaintiff advising it that its Supplemental Petition had been denied. U.S. Customs provided **no reason whatsoever** for its decision. Daley dec., ¶ 11 and Ex. Q thereto.

### III. PLAINTIFF IS ENTITLED TO THE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF SOUGHT.

In order to obtain a preliminary injunction, the moving party must show either a combination of probable success on the merits and the possibility of irreparable injury without such injunction, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *California Cedar Products Co. v. Pine Mountain Corp.*, 724 F.2d 827, 830 (9th Cir. 1984); *Beltran v. Meyers*, 677 F.2d 1317, 1320 (9th Cir. 1982).

As is shown below, there is a very high likelihood that plaintiff will prevail on the merits of its claims in this lawsuit and that it will suffer irreparable injury if the relief sought is not granted. On the other hand, U.S. Customs will suffer *no* harm if the relief sought is granted, other than having to explain to this Court why it is demanding payment of penalties from the **victim** of identity theft rather than from the criminal who is actually responsible for the conduct which forms the basis for the penalties it seeks.

### A. There is a Very High Likelihood that Plaintiff Will Prevail on the Merits of its Claims.

By this action, plaintiff seeks a writ of mandate and preliminary injunctive relief to prevent U.S. Customs and its agents from seeking the recovery of penalties from the **victim** of

identity theft rather than from the criminal who is actually responsible for the conduct which forms the basis for its assessment of penalties.

Plaintiff's claim for relief is brought pursuant to 5 U.S.C. § 702, which authorizes this Court to issue a writ of mandate and issue injunctive relief to a party which has been aggrieved by the action of a federal agency. Under 5 U.S.C. § 706, district courts may:

> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>
> (A) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
>
> (C) in excess of statutory jurisdiction, authority, limitations, or short of statutory right;
>
> (D) without observance of procedure required by law;
>
> *        *        *

In order to demonstrate its right to relief under this statute, the plaintiff is required to establish that (1) it has a clear right to the relief sought, (2) the defendant has a plainly defined and peremptory duty to do that act in question, and (3) the plaintiff has no adequate alternative remedy. *See Lovallo v. Froehlke*, 468 F.2d 3440 (2d Cir. 1972), *cert. den.* 411 U.S. 918 (1973).

In this case, U.S. Customs' decision to deny plaintiff relief in the administrative process was "arbitrary and capricious," and abuse of discretion, and contrary to law, since the evidence plaintiff presented to U.S. Customs clearly shows that:

(1) Customs Entry No. C28-02640441-0 was made by Mr. Abdul Salman-Fariz, who was the actual owner, purchaser and consignee of the goods entered under that Customs Entry, and that plaintiff was *not* the owner, purchaser or consignee of the goods;

(2) Plaintiff *did* not authorize the issuance or execution of the bond defendant Washington International posted to secure the importer's duties under Customs Entry No. C28-02640441-0;

(3)    U.S. Customs itself did not follow its own regulations in permitting the entry of the goods on the basis of the documents Mr. Salman-Fariz provided for the entry.

**1.    As a Matter of Law, U.S. Customs Is Entitled to Recover Liquidated Damages *Only* From a Person Who Qualifies as the "Importer of Record" Under a Bond Which Has Been Duly Executed by an *Authorized Officer of the Corporation*.**

In 19 USC § 1484(a)(1), the Congress of the United States has made it clear that the the *only* persons who may make Customs entry to permit the entry of goods into the United States are persons who qualify as the "importer of record" of the goods, either in person or "by an agent authorized in writing." 19 USC § 1484(b) provides that, in order to qualify as the "importer of record," the person must be either (1) the *owner or purchaser* of the merchandise, (2) the *consignee* of the merchandise, or (3) "a person holding a valid license under section 1641 of this title" (which refers to licensed Customs brokers).

In order to ensure that the persons who file entries with U.S. Customs actually qualify as the "importer of record" under 19 USC 1484(b), U.S. Customs has promulgated various regulations, including:

(1)    19 CFR 101.1, which defines the "importer" as "the person primarily liable for the payment of any duties on the merchandise, or an authorized agent acting on his behalf. The importer may be: (a) The consignee, or (b) The importer of record, or (c) The actual owner of the merchandise, if an actual owner's declaration and superseding bond has been filed in accordance with § 141.20 of this chapter, or (d) The transferee of the merchandise, if the right to withdraw merchandise in a bonded warehouse has been transferred in accordance with subpart C of part 144 of this chapter;

(2)    19 CFR 141.11, which requires persons who make entries to file *evidence of their right to make entry* in one of the following forms: (a) a bill of lading or air waybill, presented by the

holder thereof, properly endorsed when endorsement is required under the law, (b) an extract from a bill of lading or air waybill certified to be genuine by the carrier, (c) a certified duplicate bill of lading or air waybill, or (d) a carrier's certificate; and

    (3)   19 CFR 141.81, which requires that all entry summaries include a commercial invoice, and 19 CFR 141.86(a)(2), which requires that the commercial invoice filed include, among other things, the "time when, the place where, and . . . the person to whom the merchandise is sold or agreed to be sold."

U.S. Customs' authority to recover penalties in the form "liquidated damages" for the failure of the importer to comply with U.S. Customs' requirements derives from 19 USC § 1623, which gives U.S. Customs the right, "by regulation or specific instruction [to] require, or authorize customs officers to require, such bonds or other security as he, or they, may deem necessary for the protection of the revenue or to assure compliance with any provision of law, regulation, or instruction which the Secretary of the Treasury or the Customs Service may be authorized to enforce . . ."

Pursuant to this authority, U.S. Customs has promulgated 19 CFR 113.62(a), which prescribes the terms of importation and entry bonds such as the one posted by Washington International in this case, and which includes the following relevant provisions:

> (d)   Agreement to Redeliver Merchandise. If merchandise is released conditionally from Customs custody to the principal before all required evidence is produced, before its quantity and value are determined, or before its right of admission into the United States is determined, the ***principal*** agrees to redeliver timely, on demand by Customs, the merchandise released if it:
>
> (1)   Fails to comply with the laws or regulations governing admission into the United States;
>
> (2)   Must be examined, inspected, or appraised as required by
>
>           \*          \*          \*
>
> (f)   Agreement for Examination of Merchandise. If the principal obtains permission to have any merchandise examined elsewhere than at a wharf or other place in charge of a Customs officer, the principal agrees to:

**Case No. CV08-3065: MPA IN SUPP. OF PLNTF'S MTN FOR TRO AND OSC RE: PRELIM. INJ.**  -9-

       (1)    Hold the merchandise at the place of examination until the merchandise is properly released; . . .

       (l)    Consequence of default. (1) If the ***principal*** defaults on agreements in this condition other than conditions in paragraphs (a), (g), (i), (j)(2), or (k) of this section ***the obligors*** agree to pay liquidated damages equal to the value of the merchandise involved in the default, or three times the value of the merchandise involved in the default if the merchandise is restricted or prohibited merchandise or alcoholic beverages, or such other amount as may be authorized by law or regulation. . . .

Emphasis added.

In order to ensure that the bonds which is posted on behalf of the importer is legitimate, 19 CFR § 113.33(b) requires that "The bond of a corporate principal shall be signed by an authorized officer or attorney of the corporation and the corporate seal shall be affixed immediately adjoining the signature of the person executing the bond, as provided for in § 113.25. 19 CFR § 113.33 (c) provides further that, when a bond is executed by an officer of a corporation, "a power of attorney shall not be required if the person signing the bond on behalf of the corporation is known to the port director or drawback office to be the president, vice president, treasurer, or secretary of the corporation. The officer's signature shall be prima facie evidence of that officer's authority to bind the corporation."

When U.S. Customs has lawfully promulgated a regulation on a subject, the regulation is binding both upon regulated entities and upon U.S. Customs itself. *American Sugar Refining Co. v. United States*, 3 Ct. Cust. 69, 71-72 (Ct.Cl. 1912). The that an entry has been made in the *name* of a party does not necessarily mean that the party named is liable for the duties owed by the importer; instead, since Congress clearly intended that the *owner, purchaser or consignee* of the goods be liable for the duties assessed, the liability of the person named depends upon whether the *evidence* shows that the party qualifies as one of the parties who are entitled to enter the goods. *See United States v. Wells Fargo & Co.*, 271 F. 180, 181-183 (2d Cir. 1921) .

    **2.    Since the Evidence Plaintiff Presented to U.S. Customs Showed that it Was *Not* the Importer of Record and That the Person Who Signed the Bond Was *Not* an Authorized Officer of Plaintiff, U.S. Customs Was Required to Cancel its Demand for Liquidated Damages from Plaintiff.**

As is explained in Section II. above, plaintiff has provided evidence to U.S. Customs

which shows that:

    (a)    The documents filed in connection with Customs Entry No. C28-02640441-0 did *not* include information required by Customs' regulations to ensure that the person making the entry was in fact "qualified" to act as the "importer of record;"

    (b)    The actual consignee of the goods was Mr. Abdul Salman-Fariz; and

    (c)    Mr. Salman-Fariz was *not* an officer of plaintiff and therefore was *not* authorized to execute or post the bond with U.S. Customs under which it seeks to recover the penalties in issue.

Since the "importer of record" and *authorized* principal on the bond are the *only* parties from whom U.S. Customs is entitled to collect liquidated damages, U.S. Customs' denials of plaintiff's requests for relief from the liquidated duties assessed is arbitrary and capricious, constitutes an abuse of discretion, and is contrary to law, plaintiff is therefore entitled to the relief requested in its Petition and Complaint.

**B.    Plaintiff Will Suffer Irreparable Injury if the Temporary Restraining Order and Preliminary Injunctive Relief Requested Are Not Granted, and the Balance of Hardships Tips Strongly in Favor of Plaintiff.**

If the relief sought by this motion is not granted, there is a very good chance that plaintiff will suffer irreparable injury, since U.S. Customs can easily make it impossible for plaintiff to pursue this claim either by (1) threatening defendant Washington International with sanctions if it does not pay the liquidated damages demanded or (2) file a lawsuit against plaintiff and defendant Washington International in the Court of International Trade, thereby effectively preventing plaintiff from having its claim heard.

As is explained in Part III.A. above, U.S. Customs' right to recover the liquidated damages it has assessed is based upon the provisions of the bond which was posted for Customs Entry No. C28-02640441-0 by defendant Washington International. Pursuant to 19 CFR 113.62(l), the obligation to pay the liquidated damages assessed is owed *jointly* by both plaintiff and defendant

1  Washington International.

2  Thus, all U.S. Customs has to do to deprive plaintiff of its right to have his claim heard
3  in this Court is to threaten Washington International with sanctions if it does not immediately pay
4  the $24,606 in liquidated damages it has demanded.  If defendant Washington International then pays
5  the amount demanded, as is highly likely, plaintiff's claims in this lawsuit might become essentially
6  moot, and plaintiff would then have to defend against a claim by Washington International for under
7  California Civil Code § 2847.

8  U.S. Customs could also seek to prevent plaintiff from pursuing its rights by filing a
9  claim in the Court of International Trade.  Although *plaintiff* was precluded from bringing this action
10 before the Court of International Trade ("CIT") in the first instance, *U.S. Customs* has the right to
11 *commence* an action on this issue in that Court.  *See Commodities Export Co. v. U.S. Customs*
12 *Service*, 888 F.2d 431 (2d Cir. 1989).

13 As the Court explained in the *Commodities* case, although 28 USC § 1581(a) provides
14 for jurisdiction in the CIT of an action seeking review of U.S. Customs' denial of "protest" under
15 19 CFR 174, the statute does *not* provide for jurisdiction in the CIT of an action seeking review of
16 a denial of a "petition" filed under 19 CFR 172, as in the CIT.  Thus, plaintiff did *not* have the option
17 of filing this lawsuit in the CIT in the first instance, which is why it had to file this lawsuit in this
18 Court.

19 On the other hand 19 USC § 1582 establishes CIT jurisdiction over "any civil action
20 which arises out of an import transaction *and which is commenced by the United States*."  Thus, U.S.
21 Customs clearly had the right, at the outset, to file an action against plaintiff and Washington
22 International in the CIT if it had wanted to have judicial review of its decisions.  If U.S. Customs
23 were to seek judicial review in the CIT at this point, however, it would clearly be doing so for the
24 sole purpose of making it impossible or impracticable for plaintiff to obtain judicial review of U.S.
25 Customs' decisions in an inconvenient location (New York City), at substantially increased expense.

26 On the other hand, U.S. Customs will suffer no hardship whatsoever if the temporary
27 and preliminary injunctive relief sought is granted.

28 **IV.   CONCLUSION.**

Since plaintiff is highly likely to succeed on the merits of its claims, and since the balance of hardships tips strongly in favor of plaintiff, plaintiff respectfully requests that the Court issue a temporary restraining order and preliminary injunction which prohibits defendants U.S. Customs and David J. Ferguson, and their officers, agents, servants, employees and attorneys or any other person acting for or in concert with them, from asserting, claiming, demanding from or taking any action against either plaintiff Kairali Decan or defendant Washington International arising out of or in connection with Customs Entry No. C28-02640441-0 so long as this matter is pending.

Dated: June 23, 2008.

**LAW OFFICES OF JOHN M. DALEY**

By_____
     JOHN M. DALEY
Attorneys for Plaintiff Kairali Decan, Inc.