1  John M. Daley, Esq. (SBN 065574)
   **LAW OFFICES OF JOHN M. DALEY**
2  95 South Market Street, Suite 300
   San Jose, CA  95113
3  Telephone: (408) 286-0200
   Facsimile:  (408) 2995-3202
4  E-Mail:  jdaley@johnmdaley.com

5  Attorneys for Plaintiff Kairali Decan, Inc.

6

7

8
                        UNITED STATES DISTRICT COURT
9
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11  _____
                                           )
12  KAIRALI DECAN, INC., a California      )    Case No. C 08-3065  MMC
    corporation,                           )
13                                         )    **FIRST AMENDED PETITION FOR**
                  Petitioner/Plaintiff,    )    **WRIT OF MANDATE AND**
                                           )    **COMPLAINT FOR DECLARATORY**
14  vs.                                    )    **AND INJUNCTIVE RELIEF**
                                           )
15  UNITED STATES CUSTOMS AND              )
    BORDER PROTECTION,                     )
16                                         )
                  Respondent/Defendant.    )
17  _____)

18        Plaintiff Kairali Decan, Inc. (hereinafter "Kairali Decan" or "plaintiff"), alleges as follows:

19                            **I.  INTRODUCTION.**

20        1.      By this Petition and Complaint, plaintiff Kairali Decan seeks a writ of mandate which

21  compels U.S. Customs to refund $24,606 in penalties it has been forced to pay to defendant United

22  States Customs and Border Protection for a Customs Entry which it did not make, but which in fact

23  was made by "Abdul Salman-Fariz," who stole plaintiff's name and importer identification number

24  to import and enter goods into the United States.  The penalties, which represent three times the

25  value of the goods imported, were assessed because of Mr. Salman-Fariz's failure to return the

26  goods to U.S. Customs' custody after the goods had been refused entry into the United States.

27        2.      Plaintiff has sought and been denied every form of administrative relief available to

28  avoid   paying   the   penalties   U.S.   Customs   demanded,   including   the   filing   an   original   and

1  Supplemental Petitions for Relief and the making of an Offer in Compromise.  In these documents,

2  plaintiff provided proof that Mr. Salman-Fariz, ***not*** the plaintiff:

3          (a)     purchased and imported the goods on his own behalf;

4          (b)     paid the ocean freight for the goods;

5          (c)     purchased the bond posted for the entry from defendant Washington

6  International Insurance Company; and

7          (d)     had the goods delivered to a warehouse he leased in Hayward,

8  California.

9  Plaintiff also provided U.S. Customs with a purchase journal and other evidence which shows that

10  it did ***not*** purchase the goods which were imported under Customs Entry No. C28-026405441-0.

11      3.    Despite the foregoing, U.S. Customs arbitrarily and capriciously refused to provide

12  any relief to plaintiff, and instead continued to insist that plaintiff must pay the penalty it assessed.

13  Since plaintiff has exhausted all administrative remedies to him, and since plaintiff is not entitled

14  to seek relief from U.S. Customs' conduct in the Court of International Trade, plaintiff has been

15  forced to pay the penalties demanded, and now seeks recovery of the amount paid, plus interest and

16  attorneys' fees.

17      4.    On or about July 26, 2008, while this action was pending, U.S. Customs sent a further

18  demand for payment of the $24,606 in penalties it demanded from plaintiff.  Since U.S. Customs has

19  the power to take further administrative action in the form of a "sanction" which would put plaintiff

20  out of business, and since its continued refusal to pay the amount demanded could result in a further

21  demand and threat of sanctions against Washington International Insurance Company by U.S.

22  customs, which threats and demands could cause irreparable damage to its business, plaintiff decided

23  to pay the amount demanded and seek recovery of the amount paid in this action.

24      5.    Accordingly, on August 13, 2008, plaintiff submitted payment in the amount of

25  $24,606 to U.S. Customs.  Since plaintiff has paid U.S. Customs' demand, there is no further basis

26  for a demand against Washington International Insurance Company, which is no longer named as

27  a defendant in this First Amended Complaint.

28  //

# I.  PARTIES

4.    Plaintiff Kairali Decan, Inc. is a California corporation with its principal place of business located in Fremont, California.

5.    Defendant United States Customs and Border Protection ("U.S. Customs") is an agency of the United States Government.

# II.  JURISDICTION

6.    Jurisdiction of the claims asserted against defendant U.S. Customs is proper under 28 USC § 1331 because this Petition and Complaint asserts a claim against an agency of the United States and under 28 USC § 1336  because the claim arises under federal law, including 19 USC § 1484.

# III.  VENUE

7.    Venue of the claims asserted herein is proper in the United States District Court for the Northern District of California under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

# IV.  FACTS COMMON TO ALL CLAIMS

8.    This action arises out of the fraudulent filing of Customs Entry No. C28-02640441-0 by Mr. "Abdul Salman-Fariz" under the name and Importer ID No. of plaintiff Kairali Decan, and which he secured by the fraudulent obtaining and posting of a bond which named Kairali Decan as the importer from Washington International Insurance Complaint.

9.    Plaintiff is a wholesale supplier of foreign food products, most of which it imports from India.  However, plaintiff also purchases some of the foreign food products it sells domestically from other importers.  Prior the filing of Customs Entry No. C28-0260441-0, plaintiff had purchased goods domestically from two businesses owned and operated by Mr. Salman-Fariz:  "SF Foods" and "Impex International," both of which import food from Sri Lanka.

10.    During the course of this relationship, Mr. Salman-Fariz informed plaintiff that he was an experienced importer, and suggested that he could assist plaintiff in preparing and filing "self-made" entries on plaintiff's behalf with U.S. Customs.  Mr. Salman-Fariz indicated to plaintiff that, by so doing, plaintiff could obtain the release of his goods more quickly.

11.     Accordingly, plaintiff employed the services of Mr. Salman-Fariz to assist it in preparing and filing entry documents with U.S. Customs for goods which plaintiff had purchased from suppliers in India on approximately five occasions in 2006 or 2007.  At *no* time did plaintiff authorize Mr. Salman-Fariz to make Customs entries in its name for goods which plaintiff had not purchased.  Moreover, in the latter part of 2007, plaintiff informed Mr. Salman-Fariz that his assistance was no longer needed.

12.     In or about November 2006, plaintiff received communications from an ocean carrier demanding payment of freight charges for an ocean shipment which it did not make or authorize. Plaintiff  explained to the ocean carrier that it was not responsible for the shipment in issue, and the ocean carrier eventually abandoned its claim.  Prior to the delivery of the U.S. Customs' production of the entry file for Customs Entry No. C28-02640041-0, however, plaintiff believed that this shipment was the one which was involved in Customs Entry No. C28-02640041-0.

13.     In or about February 2007, plaintiff received Notice of FDA Action which concerned Customs Entry No. C28-02640041-0.  The Notice listed products which plaintiff recognized as being from Sri Lanka.  Since Mr. Salman-Fariz was the only distributor of Sri Lanka food in the Bay area, plaintiff contacted Mr. Salman-Fariz, who admitted that he had made the entry under the name of plaintiff. Mr. Salman-Fariz told me that he had a well-established relationship with U.S. Customs and promised to take care of the problem without any further involvement by me.

14.     In July 2007, plaintiff realized that Mr. Salman-Fariz had *not* taken care of the problem as he had promised.  Accordingly, plaintiff obtained a letter from Mr. Salman-Fariz in which he admitted that he was the actual purchaser and importer of the goods entered under Customs Entry No. C28-02640441-0 and advised that he would "settle the final outcome on the above shipment."  Plaintiff then prepared and filed a Petition for Relief with US. Customs to which he attached the letter, and in which he asked for relief from the liquidated damages assessed on the grounds that plaintiff was not the importer of the goods in issue.

15.     On September 20, 2007, U.S. Customs denied plaintiff's Petition for Relief on the grounds that "the goods were not redelivered, exported or destroyed."  U.S. Customs gave no indication in its letter that it had even *considered* plaintiff's claim that U.S. Customs was not entitled

1 to seek recovery of the penalty assessed from plaintiff because the entry had been made by Mr.

2 Salman-Fariz.

3      16.    On or about October 25, 2007, plaintiff delivered a Freedom of Information Request

4 to U.S. Customs in which it asked U.S. Customs to provide a copy of the Entry file for Customs

5 Entry No. C28-02640441-0, along with any other documents which show, evidence or relate to the

6 authority of the individual who signed the entry documents to make the entry on behalf of plaintiff.

7 U.S. Customs never responded to this request.

8      17.    On November 20, 2007, having heard nothing further from U.S. Customs, and since

9 U.S. Customs had already made a formal demand for payment of the liquidated damages upon

10 Washington International Insurance Company, plaintiff submitted an Offer in Compromise in which

11 it offered to pay $8,202 to U.S. Customs as payment in full of the liquidated damages assessed with

12 respect to Customs Entry No. C28-02640441-0.

13      17.    On January 15, 2008, U.S. Customs rejected plaintiff's Offer in Compromise, saying

14 only that "We have determined that it is in the best interests of the Government to reject your offer."

15      18.    On January 17, 2008, since it still had not been provided with a copy of the Entry file

16 or any of the other documents it had requested, plaintiff submitted a ***second*** Freedom of Information

17 Request to U.S. Customs.

18      19.    U.S. Customs finally sent plaintiff a copy of the Entry File for Entry No. C28-

19 02640441-0 on January 31, 2008.  The copy of the Entry File provided included:

20      (a)    an Entry Summary made in the name and at the address of plaintiff

21 which was signed by an individual who signs his name as "Khan," in his capacity as

22 "CEO" of Kairali Decan, Inc.;

23      (b)    a Customs bond which includes an undecipherable signature of an

24 individual who did *not* indicate that he was an office of plaintiff or otherwise the

25 capacity in which the person who signed the document was acting;

26      (c)    a Bill of Lading for Booking No. CMB6C090015 issued by Hanjin

27 Shipping which indicates that the importer was "Kerali Decan Inc., No. 2002, Pacific

28 Ave, Suite :B, Stockton, CA United States;" and

1            (d)     a commercial invoice which does **not** identify the purchaser of the

2      goods.

3 However, U.S. Customs did *not* provide any documents concerning the authority of Mr. Salman-

4 Fariz to make Customs Entry No.  C28-02640441-0 on behalf of plaintiff.

5        20.    Upon receipt of this Entry File, plaintiff realized that this entry had nothing to do with

6 the shipment about which he had been contacted by the ocean carrier in November 2007, which

7 means that Mr. Salman-Fariz may have fraudulently made *other* entries in its name.

8        21.    Upon reviewing the Entry file for Customs Entry No.  C28-02640441-0, moreover,

9 plaintiff was surprised that U.S. Custom had accepted the entry in the first place, since the

10 documents provided did not comply with Customs' requirements in several respects.   Most

11 significantly, the commercial invoice provided did not comply with 19 CFR 141.86(a)(2), which

12 requires that the commercial invoice provided with an entry  include "<u>the time when, the place</u>

13 <u>where, and the person by whom and the person to whom the merchandise is sold or agreed to be</u>

14 <u>sold.</u>"  This regulation is intended to ensure that the party making the Customs entry actually has

15 the right to do so.

16        22.    Nevertheless, since U.S. Customs had made it clear in rejecting plaintiff's original

17 Petition for Relief that even an admission by Mr. Salman-Fariz was not sufficient to grant the relief

18 requested, plaintiff used the documents produced to conduct a further investigation of the matter by

19 contacting the ocean carrier who had imported the goods (which it could not have done previously

20 because it did not have the name of the ocean carrier, booking number and other information which

21 would have been required to obtain the relevant information) and Washington International

22 Insurance Company (which was previously unable to locate the file for the bond used for this entry,

23 apparently because it had not been properly reported by the agent who issued the bond).

24        23.    Thereafter, plaintiff obtained documents from Hanjin Shipping, Washington

25 International Insurance Company and others which establish that:

26          (a)    The arrangements for the ocean carriage of the goods were imported

27      under Customs Entry No. C28-02640441-0 were made by Mr. Salman-Fariz, ***who***

28      ***paid for the freight and signed the bill of lading upon delivery of the goods***;

1        (b)     The goods were delivered to from the port to a warehouse leased by

2    Mr. Abdul Salman Fariz which was located at 30998 Huntwood Avenue, Fremont,

3    California; and

4        (c)     the bond for Customs Entry No. C28-02640441-0 was purchased with

5    a money order signed by Mr. Salman-Fariz.

6    24.    Accordingly, on February 15, 2008, plaintiff filed a Supplemental Petition in which

7  it established beyond any reasonable doubt that Customs Entry No. C28-02640441-0 had been made

8  by Mr. Salman-Fariz, *not* by plaintiff.

9    25.    Notwithstanding this evidence, on June 9, 2008, U.S. Customs sent a letter to plaintiff

10  advising it that its Supplemental Petition had been denied.  U.S. Customs provided ***no reason***

11  ***whatsoever*** for its decision.

12    26.    Plaintiff filed the original Complaint in this matter on June 25, 2008.  On July 26,

13  2008, while this action was pending, U.S. Customs sent a further demand for payment of the $24,606

14  in penalties it demanded from plaintiff.  Since U.S. Customs has the power to take further

15  administrative action in the form of a "sanction" which would put plaintiff out of business, and to

16  prevent U.S. Customs from taking any further action against Washington International Insurance

17  Company, the company from which plaintiff obtains the bonds which he is required to provide to

18  U.S. Customs, plaintiff decided to pay the amount demanded and seek recovery of the amount paid

19  in this action.

20    27.    Accordingly, on August 13, 2008, plaintiff submitted payment in the amount of

21  $24,606 to U.S. Customs, which it now seeks to recover by this action.  In order to avoid the

22  possibility of any future adverse action against plaintiff by U.S. Customs on the basis of the conduct

23  of Mr. Salman-Fariz in connection with this entry or any other entry, plaintiff also seeks a writ of

24  mandate and injunctive relief which requires U.S. Customs to grant the relief requested in its

25  administrative petition and to cease and desist from taking any adverse action against plaintiff which

26  arises from this Customs entry or any others which plaintiff is able to identify as having been made

27  in its name by Mr. Salman-Fariz.

28    28.    As a result of defendants' acts, plaintiff has incurred monetary damages in the amount

1  of $24,606, plus over $13,000.00 in attorneys' fees, and it is continuing to incur attorneys' fees in

2  this action.

3  **FIRST CLAIM**
   [Petition for Writ of Mandate]

4

5  29.    Plaintiff refers to and incorporates herein by this reference paragraphs 1 through 28

6  above.

7  30.    A decision to mitigate liquidated damages is committed to the discretion of U.S.

8  Customs.  However, the exercise of discretion by U.S. Customs is subject to judicial review pursuant

9  to 5 USC 702(a)(2), which requires this Court to "hold unlawful and set aside agency action, findings,

10  and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in

11  accordance with law."  U.S. Customs' refusal to mitigate its demand for liquidated damages in this

12  case is " arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"

13  because the evidence plaintiff provided to U.S. Customs establishes that plaintiff was ***not*** the

14  principal on the bond under which its demand for liquidated damages was based, the importer of the

15  goods, or the purchaser of the goods upon which its U.S. Customs' demand for liquidated damages

16  was based.

17  31.    U.S. Customs' authority to recover penalties in the form "liquidated damages" from

18  an importer derives from 19 USC § 1623, which gives U.S. Customs the right, "by regulation or

19  specific instruction [to] require, or authorize customs officers to require, such bonds or other security

20  as he, or they, may deem necessary for the protection of the revenue or to assure compliance with any

21  provision of law, regulation, or instruction which the Secretary of the Treasury or the Customs

22  Service may be authorized to enforce . . ."

23  32.    Pursuant to this authority, U.S. Customs has promulgated 19 CFR 113.62(a), which

24  prescribes the terms of importation and entry bonds such as the one posted by Washington

25  International for the Customs Entry in issue, and which includes the following relevant provisions:

26  (d)    Agreement to Redeliver Merchandise.  If merchandise
   is released conditionally from Customs custody to the principal before
   all required evidence is produced, before its quantity and value are
27  determined, or before its right of admission into the United States is
   determined, the ***principal*** agrees to redeliver timely, on demand by
28  Customs, the merchandise released if it:

1    Pursuant to this authority, U.S. Customs has promulgated 19 CFR

2    113.62(a), which prescribes the terms of importation and entry bonds

3    such as the one posted by Washington International in this case, and

4    which includes the following relevant provisions:

5            (d)      Agreement to Redeliver Merchandise. If merchandise
is released conditionally from Customs custody to the principal before
6    all required evidence is produced, before its quantity and value are
determined, or before its right of admission into the United States is
7    determined, the ***principal*** agrees to redeliver timely, on demand by
Customs, the merchandise released if it:

8
        (1)      Fails to comply with the laws or regulations governing
9    admission into the United States;

10           (2)      Must be examined, inspected, or appraised as required
by
11
        *        *        *
12
        (f)      Agreement for Examination of Merchandise. If the
13   principal obtains permission to have any merchandise examined
elsewhere than at a wharf or other place in charge of a Customs
14   officer, the principal agrees to:

15           (1)      Hold the merchandise at the place of examination until
the merchandise is properly released; . . .
16
        (l)      Consequence of default. (1) If the ***principal*** defaults
17   on agreements in this condition other than conditions in paragraphs
(a), (g), (i), (j)(2), or (k) of this section ***the obligors*** agree to pay
18   liquidated damages equal to the value of the merchandise involved in
the default, or three times the value of the merchandise involved in the
19   default if the merchandise is restricted or prohibited merchandise or
alcoholic beverages, or such other amount as may be authorized by
20   law or regulation. . . .

21

22   Emphasis added.

23        33.     In order to ensure that the bonds which is posted on behalf of the importer is

24   legitimate, 19 CFR § 113.33(b) requires that "The bond of a corporate principal shall be signed by

25   an authorized officer or attorney of the corporation and the corporate seal shall be affixed

26   immediately adjoining the signature of the person executing the bond, as provided for in § 113.25.

27   19 CFR § 113.33 (c) provides further that, when a bond is executed by an officer of a corporation,

28   "a power of attorney shall not be required if the person signing the bond on behalf of the corporation

1   is known to the port director or drawback office to be the president, vice president, treasurer, or

2   secretary of the corporation. The officer's signature shall be prima facie evidence of that officer's

3   authority to bind the corporation."

4       34.    The law regarding the filing of entries with U.S. Customs is set forth at 19 USC

5   § 1484(a)(1), which provides that the **only** persons who may a Customs entry are persons who qualify

6   as the "importer of record" of the goods, either in person or "by an agent authorized in writing."

7       35.    19 USC § 1484(b) provides that, in order to qualify as the "importer of record," the

8   person must be either (1) the **owner or purchaser** of the merchandise, (2) the **consignee** of the

9   merchandise, or (3) "a person holding a valid license under section 1641 of this title" (which refers

10  to licensed Customs brokers).

11      36.    In order to ensure that the persons who file entries with U.S. Customs qualify as the

12  "importer of record" under 19 USC 1484(b), U.S. Customs has promulgated 19 CFR 141.11, which

13  requires persons who make entries to file evidence of their right to make entry in one of the following

14  forms: (a) a bill of lading or air waybill, presented by the holder thereof, properly endorsed when

15  endorsement is required under the law, (b) an extract from a bill of lading or air waybill certified to

16  be genuine by the carrier, (c) a certified duplicate bill of lading or air waybill, or (d) a carrier's

17  certificate.

18      37.    U.S. Customs has also promulgated 19 CFR 141.81, which requires that all entry

19  summaries include a commercial invoice, and 19 CFR 141.86(a)(2), which requires that the

20  commercial invoice filed include, among other things, the "time when, the place where, and . . . the

21  person to whom the merchandise is sold or agreed to be sold."

22      38.    In this case, U.S. Customs' decision to refuse to mitigate the liquidated damages

23  which have been assessed against plaintiff is arbitrary, capricious, an abuse of discretion, and

24  contrary to law, since the evidence plaintiff has provided in support of its Supplemental Petition

25  establishes that:

26          (a)    the documents filed in connection with Customs Entry No. C28-

27          02640441-0 did not include information required by Customs' regulations to ensure

28          that the person making the entry is in fact "qualified" to act as the "importer of

1    record;"

2          (*b*)     *plaintiff did not make and was not in fact qualified to make the entry*

3    *as "importer of record" because it was not the owner, purchaser or consignee of the*

4    *goods;* and

5          (c)     plaintiff did not authorize Mr. Salman-Fariz or any other person to

6    make Customs Entry on its behalf.

7    39.     Since the evidence plaintiff provided to U.S. Customs established that plaintiff was

8    *not* the principal under the bond or the owner or consignee of the goods, and that plaintiff did not and

9    could not lawfully have made Customs Entry No. C28-02640441-0, U.S. Customs' refusal to mitigate

10   and set aside its demand for liquidated damages from plaintiff is arbitrary, capricious, an abuse of

11   discretion, and contrary to law.  Accordingly, the Court should therefore issue a peremptory writ of

12   mandate commanding that (a) respondent U.S. Customs (a) refund to plaintiff the sum of $24,606,

13   plus interest thereon, (b) U.S. Customs, and any other person acting for or in concert with it, upon

14   service of the writ, cease and desist from asserting, claiming or demanding from or taking any other

15   action against plaintiff Kairali Decan arising out of or in connection with Customs Entry No. C28-

16   02640441-0, and (c) that U.S. Customs pay attorneys' fees to plaintiff in such amount as may be

17   determined by the Court.

18                              **SECOND CLAIM**
                   [Claim for Declaratory Relief--Against Defendant U.S. Customs]
19

20   40.     Plaintiff refers to and incorporates herein by this reference paragraphs 1 through 39

21   above.

22   41.     An actual controversy has arisen and now exists between plaintiff and defendant U.S.

23   Customs concerning their respective rights and duties with respect to Customs Entry No. C28-

24   02640441-0, in that plaintiff contends that U.S. Customs is not entitled to recover liquidated damages

25   from plaintiff based upon the failure of the importer to redeliver goods which were entered into the

26   United States under this entry because (a) the entry was made by Mr. Abdul Salman-Fariz, *not* by

27   plaintiff, (b) the documents which were filed by the person who did make Customs Entry

28   No. C28-02640441-0 were insufficient because they did not show that plaintiff was either the

1  purchaser or consignee of the goods entered, (c) plaintiff did *not* in fact purchase, own or have any

2  other interest in the goods entered, and (d) the goods entered were never delivered to or came into

3  plaintiff's possession, whereas U.S. Customs contends that it has the right to recover the liquidated

4  damages assessed from plaintiff because plaintiff's name and identification number was used to make

5  the entry.

6      42.     Plaintiff desires a judicial determination of its rights and duties, and a declaration as

7  to U.S. Customs' right to recover liquidated damages from it under the circumstances.  A judicial

8  declaration is necessary and appropriate at this time so that plaintiff may ascertain its rights and

9  duties with respect to future Customs entries which it makes.

10     43.     Plaintiff has exhausted all administrative remedies available to it in connection with

11 U.S. Customs' demand for liquidated damages by filing a petition for relief, making an offer in

12 compromise, and filing a supplemental petition for relief, all of which have been denied or refused.

13                              **THIRD CLAIM**
                            [Injunctive Relief]

14     44.     Plaintiff refers to and incorporates herein by this reference paragraphs 1 through 43

15 above.

16     45.     On or about January 17, 2007, defendant U.S. Customs permitted the making of

17 Customs Entry No. C28-02640441-0 in plaintiff's name and under its identification number, even

18 though the documents filed with the entry did not satisfy U.S. Customs' requirements.  Thereafter,

19 defendant assessed liquidated damages in the amount of $24,606 against plaintiff because of the

20 actual importer's failure and refusal to redeliver the goods, and it has since repeatedly refused,

21 wrongfully, unlawfully, arbitrarily and capriciously, to mitigate or eliminate those damages or to

22 pursue the actual importer of the goods for those liquidated damages, even though plaintiff has

23 provided defendant with evidence which (a) shows that it was not the importer of the goods entered

24 under Customs Entry No. C28-02640441-0 and (b) gives defendant with the evidence it needs to

25 pursue Mr. Abdul Salman-Fariz, the person who actually *did* import the goods, for the penalty it

26 seeks to recover.

27     46.     As a result of defendant's conduct, plaintiff has sustained and may sustain in the future

28 injuries of an irreparable nature, since its ability to import goods and obtain the bonds which are

1   required to enable it to import goods may be adversely affected, and perhaps terminated, unless U.S.

2   Customs corrects its records to show that plaintiff was *not* the importer of record for Customs Entry

3   No. C28-02640441-0 and for any other Customs entries which plaintiff is able to identify as having

4   been made in its name by Mr. Abdul Salman-Fariz.

5                                **PRAYER FOR RELIEF**

6        WHEREFORE, plaintiff prays as follows:

7        A.    For a peremptory writ of mandate commanding U.S. Customs to (a) refund to plaintiff

8   the sum of $24,606, plus interest thereon, (b) cease and desist from asserting, claiming or demanding

9   from or taking any other action against plaintiff Kairali Decan arising out of or in connection with

10  Customs Entry No. C28-02640441-0, and (c) pay attorneys' fees to plaintiff in such amount as may

11  be determined by the Court;

12       B.    For a Declaratory Judgment finding that plaintiff Kairali Decan was not principal

13  under the bond or the importer of record of the goods under Customs Entry No. C28-02640441-0,

14  and that U.S. Customs has no right to assert, claim, or demand payment of liquidated damages from

15  or take any other action against plaintiff Kairali Decan arising out of or in connection with this

16  Customs Entry;

17       C.    For an order enjoining defendant U.S. Customs, and any other person acting for or in

18  concert with it, upon service of the order, from asserting, claiming or demanding from or taking any

19  other action against plaintiff Kairali Decan arising out of or in connection with Customs Entry No.

20  C28-02640441-0 or with any other Customs Entry which plaintiff is able to identify as having been

21  made by another person;

22       D.    For an award against defendant U.S. Customs of plaintiff's attorneys' fees, costs and

23  disbursements incurred in this action and in the prior administrative proceedings to the extent

24  permitted by law, including 28 USC § 2412; and

25       E.    For such other and further relief as the Court may deem just and proper.

26       Dated: August 13, 2008.

27                        **LAW OFFICES OF JOHN M. DALEY**

28                   By_____

1
JOHN M. DALEY
Attorneys for Plaintiff Kairali Decan, Inc.
2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28