JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954 )
michael.t.pyle@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7322
FAX: (415) 436-6748

Attorneys for Defendant United States Customs and Border Protection

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| KAIRALI DECAN, INC, | ) | No. 08-3065 MMC |
| Plaintiff, | ) ) | **ANSWER OF DEFENDANT UNITED STATES CUSTOMS AND BORDER PROTECTION** |
| v. | ) ) | |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, | ) ) ) | |
| Defendant. | ) ) | |

Defendant United States Customs and Border Protection ("Federal Defendant"), by and through its counsel, hereby admits, denies, alleges and otherwise responds to Plaintiff Kairali Decan, Inc.'s First Amended Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

1. Answering Paragraph 1, the Federal Defendant admits that this is an action for injunctive and declaratory relief; that Plaintiff has paid Defendant $24,606.00; that the liquidated damages involved represent three times the value of the goods imported; and that the liquidated damages were assessed due to a failure to redeliver goods into Defendant's custody after the goods had been refused entry into the United States.  Except as so expressly admitted, the Federal Defendant denies each and every allegation in Paragraph 1.

//

1  2.    Answering Paragraph 2, the Federal Defendant admits that Plaintiff filed a Petition for
2  Relief with Defendant; that Plaintiff filed a Supplemental Petition for Relief with Defendant; that
3  Plaintiff submitted an Offer in Compromise to Defendant; and that Defendant denied Plaintiff's
4  Petition and Supplemental Petition for Relief and declined to accept Plaintiff's Offer in
5  Compromise.  Except as so expressly admitted, the Federal Defendant denies each and every
6  allegation in Paragraph 2.

7  3.    Answering Paragraph 3, the Federal Defendant alleges that to the extent Paragraph 3
8  states a legal conclusion no response is required.  The Federal Defendant admits that Plaintiff
9  paid the $24,606.00 liquidated damages claim and that Plaintiff's Complaint seeks a refund of
10 that payment.  Except as so expressly admitted, the Federal Defendant denies each and every
11 allegation in Paragraph 3.

12 4.    Answering Paragraph 4 of the section of the Complaint entitled "Introduction" (on page 2
13 of the Complaint), the Federal Defendant alleges that to the extent Paragraph 4 states a legal
14 conclusion no response is required.  The Federal Defendant is without sufficient knowledge to
15 admit or deny the factual allegations in Paragraph 4 and on that basis denies each and every
16 allegation in Paragraph 4.

17 5.    Answering Paragraph 5 of the section of the Complaint entitled "Introduction" (on page 2
18 of the Complaint), the Federal Defendant admits that Plaintiff paid $24,606.00 to the Federal
19 Defendant on or about August 13, 2008.  Except as so expressly admitted, the Federal Defendant
20 is without sufficient knowledge to admit or deny the factual allegations in Paragraph 5 and on
21 that basis denies each and every allegation in Paragraph 5.

22 6.    Answering Paragraph 4 of the section of the Complaint entitled "Parties"(on page 3 of the
23 Complaint), the Federal Defendant is without sufficient knowledge to admit or deny the factual
24 allegations in Paragraph 4 and on that basis denies each and every allegation in Paragraph 4..

25 7.    Answering Paragraph 5 of the section of the Complaint entitled "Parties"(on page 3 of the
26 Complaint), the Federal Defendant admits that United States Customs and Border Protection is
27 an agency of the government of the United States of America.

28 //

ANSWER OF FEDERAL DEFENDANT
C 08-3065 MMC                                2

8. Answering Paragraph 6, the Federal Defendant alleges that Paragraph 6 contains a jurisdictional allegation for which no response is required.

9. Answering Paragraph 7, the Federal Defendant admits that venue is proper in the United States District Court for the Northern District of California.

10. Answering Paragraph 8, the Federal Defendant alleges that to the extent that Paragraph 8 states a legal conclusion no response is required. The Federal Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 8 and on that basis denies each and every allegation in Paragraph 8.

11. Answering Paragraph 9, the Federal Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 9 and on that basis denies each and every allegation in Paragraph 9.

12. Answering Paragraph 10, the Federal Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 10 and on that basis denies each and every allegation in Paragraph 10.

13. Answering Paragraph 11, the Federal Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 11 and on that basis denies each and every allegation in Paragraph 11.

14. Answering Paragraph 12, the Federal Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 12 and on that basis denies each and every allegation in Paragraph 12.

15. Answering Paragraph 13, the Federal Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 13 and on that basis denies each and every allegation in Paragraph 13

16. Answering Paragraph 14, the Federal Defendant admits that Plaintiff filed a Petition for Relief with Defendant on July 20, 2007 and that Plaintiff asserted in the Petition that he was not the importer of the goods in issue. The Federal Defendant specifically denies that the Petition for Relief filed with Defendant on July 20, 2007 asked for relief from the liquidated damages claim. Except as so expressly admitted the Federal Defendant denies each and every allegation in

1  Paragraph 14.

2  17.    Answering Paragraph 15, the Federal Defendant admits that on September 20, 2007 it denied Plaintiff's Petition for Relief dated July 20, 2007.  Except as so expressly admitted, the Federal Defendant denies each and every allegation in Paragraph 15.

18.    Answering Paragraph 16, the Federal Defendant admits that Plaintiff delivered a Freedom of Information Act request to Defendant in San Francisco, California.  Except as so expressly admitted, the Federal Defendant denies each and every allegation in Paragraph 16.

19.    Answering Paragraph 17 (that is, the <u>first</u> of the two Paragraph 17s found on page 5 of the Complaint), the Federal Defendant admits that Plaintiff submitted an Offer in Compromise on November 20, 2007 and that Plaintiff sought to pay $8,202.00 in full satisfaction of Defendant's liquidated damages claim related to Customs Entry No. C28-0260441-0.  Except as so expressly admitted, the Federal Defendant denies each and every allegation in Paragraph 17.

20.    Answering Paragraph 17 (that is, the <u>second</u> of the two Paragraph 17s found on page 5 of the Complaint), the Federal Defendant admits that it rejected Plaintiff's Offer in Compromise on January 15, 2008.  Except as so expressly admitted, the Federal Defendant denies each and every allegation in Paragraph 17.

21.    Answering Paragraph 18, the Federal Defendant admits that Plaintiff delivered a second Freedom of Information Act request to Defendant in San Francisco, California on January 28, 2008.  Except as so expressly admitted, the Federal Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 18 and on that basis denies each and every allegation in Paragraph 18

21.    Answering Paragraph 19, the Federal Defendant admits that it sent Plaintiff a copy of the Entry File for Entry No. C28-02640441-0 on January 31, 2008; that the Entry File includes a document entitled Entry Summary, the content of which speaks for itself; that the Entry File includes a document entitled Customs Bond, the content of which speaks for itself; that the Entry File includes a document entitled Bill of Lading, the content of which speaks for itself; and that the Entry File includes a document entitled Commercial Invoice, the content of which speaks for itself.  Except as so expressly admitted, the Federal Defendant denies each and every allegation

ANSWER OF FEDERAL DEFENDANT
C 08-3065 MMC                                  4

in Paragraph 19.

22.	Answering Paragraph 20, the Federal Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 20 and on that basis denies each and every allegation in Paragraph 20.

23.	Answering Paragraph 21, the Federal Defendant alleges that no answer is required since Paragraph 21 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 21.

24.	Answering Paragraph 22, the Federal Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 22 and on that basis denies each and every allegation in Paragraph 22.

25.	Answering Paragraph 23, the Federal Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 23 and on that basis denies each and every allegation in Paragraph 23.

26.	Answering Paragraph 24, the Federal Defendant admits that Plaintiff filed a Supplemental Petition on February 15, 2008. Except as so expressly admitted, the Federal Defendant denies each and every allegation in Paragraph 24.

27.	Answering Paragraph 25, the Federal Defendant admits that on June 9, 2008 it sent Plaintiff a letter denying the Supplemental Petition. Except as so expressly admitted, the Federal Defendant denies each and every allegation in Paragraph 25

28.	Answering Paragraph 26, the Federal Defendant admits that the original complaint in this matter was filed with the district court on June 24, 2008. Except as so expressly admitted, Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 26 and on that basis denies each and every allegation in Paragraph 26

29.	Answering Paragraph 27, the Federal Defendant admits that Plaintiff paid $24,606.00 to Defendant on or about August 13, 2008 and that Plaintiff seeks a writ of mandate and injunctive relief in its Complaint. Except as so expressly admitted, the Federal Defendant denies each and every allegation in Paragraph 27.

//

30. Answering Paragraph 28, the Federal Defendant specifically denies that the payment of $24,606.00 constitutes recoverable damages. The Federal Defendant is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 28 and on that basis denies each and every allegation in Paragraph 28.

31. Answering Paragraph 29, the Federal Defendant repeats and realleges its responses to Paragraphs 1 through 28, above, with the same force and effect as if fully set forth herein.

32. Answering Paragraph 30, the Federal Defendant alleges that no answer is required since Paragraph 30 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 30.

33. Answering Paragraph 31, the Federal Defendant alleges that no answer is required since Paragraph 31 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 31.

34. Answering Paragraph 32, the Federal Defendant alleges that no answer is required since Paragraph 32 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 32.

35. Answering Paragraph 33, the Federal Defendant alleges that no answer is required since Paragraph 33 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 33.

36. Answering Paragraph 34, the Federal Defendant alleges that no answer is required since Paragraph 34 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 34.

37. Answering Paragraph 35, the Federal Defendant alleges that no answer is required since Paragraph 35 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 35.

38. Answering Paragraph 36, the Federal Defendant alleges that no answer is required since Paragraph 36 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 36.

//

39. Answering Paragraph 37, the Federal Defendant alleges that no answer is required since Paragraph 37 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 37.

40. Answering Paragraph 38, the Federal Defendant alleges that no answer is required since Paragraph 38 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 38.

41. Answering Paragraph 39, the Federal Defendant alleges that no answer is required since Paragraph 39 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 39.

42. Answering Paragraph 40, the Federal Defendant repeats and realleges its responses to Paragraphs 1 through 39, above, with the same force and effect as if fully set forth herein

43. Answering Paragraph 41, the Federal Defendant alleges that no answer is required since Paragraph 41 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 41.

44. Answering Paragraph 42, the Federal Defendant is without sufficient knowledge to admit or deny the factual allegations in Paragraph 42 and on that basis denies each and every allegation in Paragraph 42.

45. Answering Paragraph 43, the Federal Defendant alleges that no answer is required since Paragraph 43 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 43.

46. Answering Paragraph 44, the Federal Defendant repeats and realleges its responses to Paragraphs 1 through 43, above, with the same force and effect as if fully set forth herein

47. Answering Paragraph 45, the Federal Defendant admits that it assessed liquidated damages of $24,606.00 against Plaintiff. Except as so expressly admitted, the Federal Defendant denies each and every allegation in Paragraph 45.

48. Answering Paragraph 46, the Federal Defendant alleges that no answer is required since Paragraph 46 states a legal conclusion. To the extent that any response is required, the Federal Defendant denies each and every allegation in Paragraph 46.

1  The remaining allegations of the Complaint constitute Plaintiff's prayer for relief to
2  which no response is required. However, the Federal Defendant denies that Plaintiff is entitled
3  to the relief requested or to any relief whatsoever. The Federal Defendant further denies each
4  and every allegation of the Complaint that has not been admitted, denied, or otherwise qualified
5  above.

6  In further answer to the Complaint and as separate affirmative defenses, the Federal
7  Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

9  The Federal Defendant is entitled to absolute, sovereign, and/or qualified immunity. The
10 Administrative Procedure Act's waiver of sovereign immunity does not extend to claims for
11 money damages and thus Plaintiff's claim under the Administrative Procedure Act is barred by
12 sovereign immunity. The Declaratory Judgment Act does not effect a waiver of sovereign
13 immunity.

**SECOND AFFIRMATIVE DEFENSE**

15 To the extent Plaintiff has failed to exhaust administrative remedies with respect to any
16 claim, that claim should be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

18 Plaintiff may recover only those damages allowed under the law.

**FOURTH AFFIRMATIVE DEFENSE**

20 The Federal Defendant reserves the right to assert additional affirmative defenses in the
21 event that such additional affirmative defenses would be appropriate.
22 //
23 //
24 //
25 //
26 //
27 //
28 //

WHEREFORE, for the reasons set forth above, the Federal Defendant asserts that this action should be dismissed and judgment entered in its favor, with appropriate costs awarded.

Dated: August 21, 2008

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney

By:     /s/
Michael T. Pyle
Assistant U.S. Attorney
Attorneys for Defendant USA

ANSWER OF FEDERAL DEFENDANT
C 08-3065 MMC                         9